**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

    **-against-**　　　　　　　　　　　　　　　　　　　　　　　　　**02-CR-69**

**WHIRLEE RUDOLPH,**

                         **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

      On June 20, 2008, the Court granted Defendant's motion made pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 in light of Amendment 706 to the Guidelines reducing the base offense level listed on the drug quantity table for most cocaine base (crack cocaine) offenses. See Order Reducing Sentence, dkt. # 46. This Order reduced Defendant's term of imprisonment from 97 to 78 months. Id. Defendant now moves for reconsideration of the June 20th Order, arguing that the Court should enter a new judgment requesting the federal Bureau of Prisons to *nunc pro tunc* designate the state facility where Defendant served his state sentence as the facility where he began serving his federal sentence. See Mot. for Recon., dkt. # 47. Defendant's motion must be denied.

      First, proceedings under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). Thus, when the

1

Court considered (and granted) Defendant's motion for a reduction made pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, the Court was concerned with, and addressed, the retroactive effect of Amendment 706 to the Guidelines that reduced the base offense level listed on the drug quantity table for most cocaine base (crack cocaine) offenses. The Court recalculated Defendant's U.S.S.G. sentencing range and imposed a shorter term of imprisonment, but determined that all other provisions of the judgment dated 06/29/2004 "shall remain in effect." See Order Reducing Sentence, dkt. # 46. This determination did not constitute an error of law, nor did the Court overlook facts or evidence that would have led the Court to impose a different sentence or otherwise alter the 06/29/2004 judgment. Therefore, there is no basis for reconsideration. See U.S. v. Li, 2006 WL 2375475, at *1 (N.D.N.Y. 2006).[1]

---

[1] "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Polanco v. United States, 2000 WL 1346726, at *1 (S.D.N.Y. September 19, 2000); Califano v. United States, 1998 WL 846779, at *1 (E.D.N.Y. September 4, 1998). "The high burden imposed on the moving party has been established in order to dissuade repetitive arguments on issues that have already been considered by the court and discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court [and] to ensure finality and prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." Nowacki v. Closson, 2001 WL 175239, *1 (N.D.N.Y. Jan. 24, 2001) (Munson, J.) (internal citations and quotations omitted). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' " Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998); see also Polanco, 2000 WL 1346726 at *1 (quoting Schrader, 70 F.2d at 256) (Reargument is not a vehicle to "advance new facts, issues or arguments not previously presented to the court."). The Northern District of New York "recognizes only three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law

(continued...)

Second, the same premise that is the basis of the instant motion (*i. e.* that the Court should have requested that the federal Bureau of Prisons *nunc pro tunc* designate Defendant's state facility as the facility where he began serving his federal sentence) was previously rejected by the Court. See dkt. # 37. In a letter to the federal Bureau of Prisons responding to its inquiry on this issue, the Court recommended against the provision of any credit on Defendant's federal sentence for time served in state custody. Id. Moreover, when Defendant later made a similar request for relief in the context of a purported Rule 35 motion or motion pursuant to 28 U.S.C. § 2255, see dkt. # 39, the Court again denied the request. See 1/24/2008 Dec. & Ord., dkt. # 40.

For these reasons, Defendant's motion for reconsideration, dkt. # 47, is **DENIED.**

**IT IS SO ORDERED**.

DATED:   September 24, 2008

Thomas J. McAvoy
Senior, U.S. District Judge

---

[1](...continued)
to prevent manifest injustice." Nowacki, 2001 WL 175239, at *1 (quoting In re C-TC 9th Avenue Partnership, 183 B.R. 1, 3 (N.D.N.Y. 1995)).

U.S. v. Li, 2006 WL 2375475, at *1 (N.D.N.Y. 2006).

3